WELCH, Judge,
concurring in part and concurring in the result.
I concur with parts I.A., II., III., IV, V, and VI. of the main opinion. I agree that the issue raised in Part I.B. requires that the judgment in this case be reversed and the cause remanded, but for reasons different from those set forth in the opinion. Because I disagree with the analysis by which that result is reached, I write separately.
The element of serious physical injury elevates the offense of child abuse to aggravated child abuse. Franklin was indicted for aggravated child abuse because she failed to seek medical care for the victim after burning the victim with scalding water. The prosecution theorized that Franklin’s failure to seek medical attention for the victim’s injury resulted in the victim’s sustaining a more serious injury, i.e., a serious physical injury, than was caused by the initial burn.
To sustain a conviction based on the above theory of guilt, causation between the lack of medical attention and the seriousness of the injury must be established.
*706 “Section 13A~2-5(a), Ala.Code 1975, the statute governing causation in criminal cases, provides:
“ ‘A person is criminally liable if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was sufficient to produce the result and the conduct of the actor clearly insufficient.’ (Emphasis added.)”
Ex parte Lucas, 792 So.2d 1169, 1170-71 (Ala.2000).
In that case, Lucas was indicted for capital murder for the killing of her young child based on her failure to provide necessary medical care for the child. The Alabama Supreme Court noted that the burden of proving causation was the State’s, and “[i]f the State did not introduce evidence that medical treatment would have saved or prolonged the child’s life, then the State did not prove that Lucas’s failure to provide the child with medical treatment actually caused, or resulted in, the child’s death.” Ex parte Lucas 792 So.2d at 1171. In Lucas, “the record d[id] not contain evidence tending to prove that, but for Lucas’s failure to seek prompt medical treatment for her injured son, he would have survived, or survived longer.” Ex parte Lucas, 792 So.2d at 1173. Thus, the Supreme Court held, because “the State failed to prove the essential element of causation ... the trial court erred in denying Lucas’s motion for a judgment of acquittal on Count II,” i.e., that “she intentionally caused the death of the child by failing in her parental duty to provide said necessary medical services.” Ex parte Lucas, 792 So.2d at 1170 and 1173. See also Washington v. State, 608 So.2d 771, 773 (Ala.Crim.App.l992)(manslaughter conviction upheld where the victim, a young child, was burned by scalding water and “the appellant’s behavior was simply a gross deviation from the standard of conduct of a reasonable person”).
Following the logic applied in Lucas, Franklin could be criminally liable for aggravated child abuse only if the victim would not have suffered a serious physical injury but for Franklin’s failure to provide medical treatment. Here, as in Lucas, there was no evidence presented suggesting that the failure to obtain medical attention made the victim’s injury worse. In other words, there was no causation established between the lack of medical attention and the seriousness of the injury, as alleged in the indictment.
For this reason, I believe that Franklin’s conviction must be reversed and remanded with directions for the trial court to enter a judgment finding Franklin guilty of the lesser-included offense of child abuse and to sentence her for that offense.
BASCHAB,P.J, joins.