Charles Campbell was indicted for trafficking in cannabis, in violation of § 20-2-80, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment." The appellant was sentenced to three years' imprisonment.
On June 10, 1982, a search warrant was issued for the appellant's residence, which was a rented house trailer in Morgan County, Alabama. The police searched the appellant's residence and surrounding grounds.
A short distance behind the appellant's trailer there was an unmowed, wooded area. Along the side of a trail through the wooded area, William Debuty, an officer for the Decatur City Police, found a partially hidden red thermos approximately 18 feet from the trailer. The thermos contained 19 small packets of cannabis. The total weight of this cannabis was slightly less than one pound. The appellant's latent left index fingerprint was found on one of the small packets found inside the thermos.
James Hudson, an officer for the Morgan County Sheriff's Department, also found two large brown grocery bags containing four large packets of cannabis. This cannabis weighed in excess of three pounds. These grocery bags were found approximately 65 feet from the appellant's residence. No fingerprints were discovered on these items.
This wooded area was not owned or rented by the appellant. Several people had equal access to this wooded area.
 I
The appellant contends that the evidence did not establish his actual or constructive possession of the two grocery bags and, thus, there was not a sufficient amount of cannabis to support his conviction for trafficking.
 "The enacting clause for trafficking in cannabis reads as follows:
 "'Any person who knowingly sells, manufactures, delivers or brings into this state, or who is knowingly in actual or constructive possession of, in excess of one kilo or 2.2 pounds of cannabis is guilty of a felony, which felony shall be known as "trafficking in cannabis".'"
"Ala. Code § 20-2-80(1), (1975).
 "Therefore, to make out a prima facie case, the State must prove that the accused was in possession
of more than 2.2 pounds of marijuana."
Mulhern v. State, 494 So.2d 787, 789 (Ala.Crim.App. 1986) (emphasis in the original).
 "Possession, whether actual or constructive, has the following three attributes: (1) '[A]ctual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control.' Radke v. State, 52 Ala. App. 397, 398, 293 So.2d 312, 313 (1973), aff'd. 292 Ala. 290, 293 So.2d 314 (1974). 'Constructive possession may be determined by weighing facts tending to support a defendant's necessary control over the substances against facts which demonstrate a lack of dominion and control.' Crane v. State 401 So.2d 148, 149 (Ala.Cr.App.), cert. denied, 401 So.2d 151 (Ala. 1981)."
Korreckt v. State, 507 So.2d 558, 565 (Ala.Crim.App. 1986).
 "Constructive possession arises only where the illegal substance is found on premises owned or controlled by the accused. *Page 254 Campbell v. State, 439 So.2d 718 (Ala.Cr.App.), rev'd on other grounds, 439 So.2d 723 (Ala. 1983). When constructive possession is relied upon, the prosecution must prove beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substances. Yarbrough v. State, 405 So.2d 721 (Ala.Cr.App.), cert. denied, 405 So.2d 725 (Ala. 1981). This knowledge may be inferred from the accused's exclusive possession, ownership, and control of the premises. Temple v. State, 366 So.2d 740 (Ala.Cr.App. 1978). When the accused is not in exclusive possesion of the premises, however, this knowledge may not be inferred unless there are other circumstances tending to buttress this inference. Korreckt v. State, 507 So.2d 558
(Ala.Cr.App. 1986). Some evidence that connects a defendant with the contraband is required. Grubbs v. State, 462 So.2d 995 (Ala.Cr.App. 1984); Temple v. State. 'Also, when a joint venture is found joint possession may also be found, in that a jury may infer that the defendant had both knowledge of and control over the contraband in the possession of a companion.' United States v. Dupuy, 760 F.2d 1492, 1500 (9th Cir. 1985), and cases cited therein."
In the instant case the grocery bags, which contained in excess of three pounds of cannabis, were found 65 feet behind the appellant's trailer home beside a trail in a wooded area. This wooded area was on land not owned or rented by this appellant. The wooded area was equally accessible to several people.
Thus, there was not sufficient evidence to connect the appellant to the cannabis found in the grocery bags. The State has failed to show the appellant's constructive possession of that cannabis. However, we find that the State did establish constructive possession of the cannabis found in the thermos.See German v. State, 500 So.2d 478 (Ala.Crim.App. 1986). (This court found constructive possession was established where the accused's latent fingerprint was found on the packet of cannabis found in his house).
The jury in the instant case was instructed on possession of cannabis, in violation of § 20-2-70, Code of Alabama 1975, as a lesser included offense. The State clearly proved the appellant's constructive possession of the cannabis inside the thermos. Thus, the evidence as set out in the facts of this case was sufficient to support a conviction of possession of cannabis. The appellant admits such in his brief. As stated, his guilt was established by the cannabis in the thermos.
Appellate courts have the "inherent authority to reverse a conviction while at the same time ordering an entry of judgment on a lesser included offense." Edwards v. State, 452 So.2d 506,507 (Ala.Crim.App. 1983), affd, 452 So.2d 508 (Ala. 1984).
Thus, the appellant's conviction for trafficking in cannabis must be reversed and rendered. We remand this cause for entry of a judgment of guilty on the lesser included offense, i.e., possession of cannabis, and for proper sentencing in this matter.
For the reasons herein stated, this cause is remanded to the circuit court to set sentence in accordance with this opinion. The circuit court shall file a return after entering judgment and file a copy thereof with this court within a reasonable time thereafter.
REVERSED AND REMANDED FOR PROPER SENTENCE.
All the Judges concur.