892 P.2d 898

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Alex Zu Iya LOPEZ, Defendant–Appellant.**

No. 20938.

Court of Appeals of Idaho.

March 6, 1995.

Petition for Review Denied May 2, 1995.

Alan E. Trimming, Ada County Public Defender, August H. Cahill, Deputy Public Defender, Boise, for appellant. August H. Cahill argued.

Alan G. Lance, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent. Michael A. Henderson, argued.

PERRY, Judge.

In this case we review whether a jury was properly instructed regarding the elements of rape. Further, we must determine whether acquittal on an infamous crime against nature count necessitates entry of a judgment of acquittal on a rape count because the verdicts are inconsistent. We also are asked to review a sentence imposed on the conviction for rape.

## FACTS AND PROCEDURE

On the night of March 1, 1993, Alex Lopez met the victim on a downtown Boise street. He began walking with her and talking to her about his need for gas money. The victim, who was on her way to meet friends, initially was not afraid of Lopez and continued to allow him to walk with her. Later,

Lopez claimed he wanted to show her something and led her into an alley. Once in the alley, Lopez asked the victim for sex. The victim refused. Lopez then grabbed her by the arms and told her that he would not let her go until she had sex with him. After a brief struggle, the victim agreed and lowered her pants. According to the victim, Lopez then penetrated her vaginally and anally. She also stated that he forced her to perform fellatio upon him. Following the incident, the victim fled to a local bar where she reported that she had just been raped. A vigilante group emerged from the bar and beat Lopez. The victim was taken to the hospital and examined by a physician. During the examination, a sex crimes kit was used in an attempt to gather evidence from her. The kit did not detect the presence of seminal fluid in any of the victim's orifices. Other than bruised knees and skinned knuckles, there were no visible signs of trauma. Tests conducted on Lopez indicated a blood alcohol level of .24.

By indictment, Lopez was charged with rape, I.C. § 18–6101, and infamous crime against nature by anal intercourse, I.C. §§ 18–6605 and –6606. At a trial before a jury, the victim testified regarding her recollections of the event as set forth above. The prosecution also introduced evidence of the physical examinations of the victim and testimony as to why the sex crimes kit failed to detect seminal fluid.

Lopez requested that the jury be instructed that his intoxication could negate the specific intent requirement of rape, an instruction he believed was required by I.C. § 18–116. The district court refused to give this instruction, instead giving a general instruction on intent which included the first sentence of I.C. § 18–116, but not the second sentence of the statute.

After deliberation, the jury returned a verdict of guilty on the rape charge and a not guilty verdict as to the infamous crime against nature charge. The district court sentenced Lopez to a determinate ten-year term of incarceration. Lopez filed a timely appeal, alleging as error the failure to give the requested instruction relating to intoxication and specific intent. He also claims

that when the jury returned a verdict of guilty on the rape charge and a verdict of not guilty on the infamous crime against nature charge, the verdicts were inconsistent. Lopez claims that this inconsistency warranted the entry of a judgment of acquittal on the rape charge. Lopez further asserts that the evidence presented was insufficient for the jury's guilty verdict on the rape charge. Finally, Lopez claims that the sentence imposed by the district court was excessive.

## ANALYSIS

### A. RAPE AS A SPECIFIC INTENT CRIME

■ We first note that the question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason,* 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). Lopez claims that the jury should have been instructed regarding intoxication and specific intent, according to I.C. § 18–116. That section states:

> **Intoxication no excuse for crime.**—No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act.

Although the jury was given the first sentence of this section in Instruction No. 19, the second sentence was not included in any jury instruction. Lopez asserts that rape is a specific intent crime and therefore the second sentence should have also been given.

■ Although Idaho does not generally recognize the "diminished capacity" defense to general intent crimes, the defense may be used to negate the specific intent element of a crime if the intoxication could have interfered with the ability of the defendant to formulate the intent. I.C. § 18–116; *State v. Hall,* 111 Idaho 827, 834, 727 P.2d 1255, 1262 (Ct.App.1986). Specific intent means "a spe-

cial mental element which is required above and beyond any mental state required with respect to the *actus reus* of the crime." WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 3.5(e) (1986). *See State v. Fox,* 124 Idaho 924, 926, 866 P.2d 181, 183 (1993); *State v. Gowin,* 97 Idaho 766, 767–68, 554 P.2d 944, 945–46 (1976).

■ The Idaho Supreme Court, in *State v. Stiffler,* 117 Idaho 405, 788 P.2d 220 (1990), analyzed whether a specific intent was required under the Idaho rape statute, I.C. § 18–6101.[1] The Supreme Court held in *Stiffler* that statutory rape was not a specific intent crime and thus reasonable mistake as to the victim's age was not a defense. The Supreme Court reached this conclusion by analyzing the language of I.C. § 18–6101, which states:

**Rape defined.**—Rape is defined as the penetration, however slight, of the oral, anal or vaginal opening with the perpetrator's penis accomplished with a female under either of the following circumstances:

1. Where the female is under the age of eighteen (18) years.

2. Where she is incapable, though any unsoundness of mind, whether temporary or permanent, of giving legal consent.

3. Where she resists but her resistance is overcome by force or violence.

4. Where she is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution; or by any intoxicating, narcotic, or anaesthetic substance administered by or with the privity of the accused.

5. Where she is at the time unconscious of the nature of the act, and this is known to the accused.

6. Where she submits under the belief that the person committing the act is her husband, and the belief is induced by artifice, pretense or concealment practiced by the accused, with the intent to induce such belief.

The Supreme Court concluded that the legislature, by including specific intent language in subsections (5) and (6), understood the difference between general criminal intent and specific intent and meant only to require specific intent in subsections (5) and (6). *Stiffler,* 117 Idaho at 407, 788 P.2d at 222. The analysis of the Supreme Court in *Stiffler,* though specifically addressing subsection (1), indicates that only subsections (5) and (6) require a specific intent. Thus, subsection (3), applicable here, does not require a specific intent. Rape, performed by overcoming the resistance of the victim by force or violence, is not a specific intent crime.

This position is in accord with other jurisdictions and commentators who have concluded that rape is not a specific intent crime. *See Wiley v. Rayl,* 767 F.2d 679 (10th Cir.1985); *United States v. Daniels,* 28 M.J. 743 (A.F.C.M.R.1989); *Steve v. State,* 875 P.2d 110 (Alaska App.1994); *State v. Hurst,* 606 So.2d 965 (La.App.1992); *Boyd v. State,* 572 P.2d 276 (Okla.Crim.App.1977); 65 Am. Jur.2D *Rape* § 35 (1972); 75 C.J.S. *Rape* § 9 (1952).

■ Because there is no basis for the claim that the rape charged in this case should be considered a specific intent crime, Lopez's claim that the jury should have been instructed that voluntary intoxication may negate an element of specific intent was properly refused by the district court.

## B. INCONSISTENT VERDICTS

Lopez asserts that by finding him not guilty of infamous crime against nature, while finding him guilty of rape, the jury rendered inconsistent verdicts. This argument is related to Lopez's additional claim that there was insufficient evidence to render a guilty verdict on the rape charge.

■ We first address Lopez's claim that there was insufficient evidence to support the guilty verdict on the rape charge. A verdict will not be set aside where there is substantial evidence upon which any rational trier of fact could have found the essential elements

---

1. The introductory language to I.C. § 18–6101 was amended in 1994. These amendments do not affect the analysis as set forth in *Stiffler.*

835

of the crime beyond a reasonable doubt. *State v. Robran,* 119 Idaho 285, 805 P.2d 491 (Ct.App.1991). In this case, the most forceful evidence offered by the prosecution was the testimony of the victim. In addition to this, however, there were a number of pieces of physical evidence which tended to corroborate her story. These included the bruises and scrapes on the victim, footprints at the scene, the victim's purse recovered from the scene, and testimony by those to whom the victim reported the rape. The sex crimes kit, on the other hand, detected no evidence of seminal fluid. A physician who examined the victim also found no apparent trauma to the victim's vaginal and anal areas. This latter evidence was not conclusive, however, and the prosecution offered testimony to explain that a rape could still have occurred despite the failure to detect seminal fluid or trauma. Therefore, the jury's decision was based on questions of credibility and the weighing of conflicting evidence. We will not second-guess the jury when making such determinations. *State v. Bowman,* 124 Idaho 936, 943, 866 P.2d 193, 200 (Ct.App.1993).

■ Lopez's second challenge is the alleged inconsistency of the verdicts. Lopez claims that the victim testified that she had been penetrated anally and vaginally. The other evidence in the case applied equally to both claims, including the absence of seminal fluid in any of the victim's orifices. Lopez claims that it is illogical for the jury to have believed the victim as to the vaginal penetration but not as to the anal penetration.

This Court set out the relevant law regarding inconsistent verdicts in *State v. Ruiz,* 115 Idaho 12, 764 P.2d 89 (Ct.App.1988):

"Inconsistency" between verdicts is generally understood to mean some logical impossibility or improbability implicit in the jury's findings on several indictments or informations tried together or as between several counts of a single criminal accusation tried without severance of the counts.... According to most authorities, consistency between the verdicts on simultaneously tried charges is unnecessary where the defendant is convicted on some counts but acquitted on others, and the convictions will generally be upheld irrespective of their rational incompatibility with the acquittals.... This view follows the opinion of the United States Supreme Court in *Dunn v. United States,* 284 U.S. 390 [52 S.Ct. 189, 76 L.Ed. 356], ... (1932), recently reaffirmed in *United States v. Powell,* 469 U.S. 57 [105 S.Ct. 471, 83 L.Ed.2d 461], ... (1984) (conviction will not be vacated "merely because the verdicts cannot rationally be reconciled," 469 U.S. at 69 [105 S.Ct. at 479], ...). However, some jurisdictions, including Idaho, have exhibited greater concern about inconsistency. They have taken the approach that if, upon a consideration of the facts and circumstances of the case, the verdicts can be explained on a rational basis, the verdicts on charges tried together will not be held impermissibly inconsistent. *State v. Garcia,* 102 Idaho 378, 630 P.2d 665 (1981); *State v. Crawford,* 104 Idaho 840, 663 P.2d 1142 (Ct.App.1983). Thus, the threshold question in this case is whether the verdicts are reconcilable on a rational basis.

*Id.* at 15, 764 P.2d at 92. *See also State v. Townsend,* 124 Idaho 881, 865 P.2d 972 (1993).

The state argues that the verdicts are reconcilable on a rational basis. First, the state points out that there is no inherent logical inconsistency; rape and infamous crime against nature can occur or not occur completely independent of each other. Further, the state argues:

[T]he jury may well have chosen to believe [the victim's] account while having a reasonable doubt as to whether anal penetration could have occurred without some visible sign of trauma. This would account for the jury's verdicts and would be entirely rational. The jury's having a reasonable doubt as to one detail of [the victim's] testimony did not require them to disbelieve the rest of her testimony.

We agree. The jury's verdicts are reconcilable considering the nature of the evidence and the crimes charged. Simply because the same evidence was used to prove both charges does not mean that Lopez must be acquitted or convicted of both charges or of neither. We conclude that the verdicts are

**836**

rationally reconcilable and therefore were not impermissibly inconsistent.

## C. REVIEW OF SENTENCE

█ Finally, Lopez claims that the district court abused its discretion in sentencing him to a determinate ten-year period of incarceration. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

The record in this case reveals that Lopez, who was thirty-three years old at the time of sentencing, has a lengthy criminal record which includes numerous burglaries, property offenses, drug offenses and parole violations. Since his entry into the United States in the late 1970's, Lopez has been convicted of at least seven felonies. In this case, Lopez attacked a stranger and forced her to engage in intercourse.

Upon review, we hold that the district court did not abuse its sentencing discretion in this case.

### CONCLUSION

Rape charged pursuant to I.C. § 18–6101(3) is not a specific intent crime. Therefore Lopez was not entitled to an instruction on intoxication negating a specific intent element. The verdicts of the jury are rationally reconcilable. There was sufficient evidence to support the guilty verdict on the rape charge. The district court did not abuse its discretion in sentencing Lopez to a determinate ten-year term on his conviction for rape. Therefore, we affirm the judgment of conviction and sentence.

WALTERS, C.J., and LANSING, J., concur.