174 P.3d 881

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jackson PURDIE, Defendant–Appellant.**

No. 32647.

Court of Appeals of Idaho.

July 26, 2007.

Review Denied Oct. 23, 2007.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Jackson Purdie appeals from his judgment of conviction for aggravated battery. We affirm.

## I.

### FACTS AND PROCEDURE

On April 17, 2005, Purdie accompanied two friends to a party. After one of his female companions was involved in a dispute with an unidentified person, Purdie intervened and was asked to leave by one of the hosts. As he was leaving, Purdie encountered Jeff Crump with whom he exchanged volatile words. A fight broke out between the two with punches being thrown. Purdie then stabbed Crump multiple times during the altercation before fleeing the scene.

Purdie was charged by information with aggravated battery, Idaho Code §§ 18–903(b), 18–907(b), on June 27, 2005. In addition, he was charged with a sentencing enhancement for the use of a deadly weapon in the commission of a crime, I.C. § 19–2520. A jury found him guilty of the aggravated battery charge, which included finding beyond a reasonable doubt that he had used a deadly weapon when committing a battery upon Crump.[1] After the verdict was rendered, the same jury was given the deadly weapon enhancement instruction, heard argument from both sides, and answered "no" when asked to decide whether the "defendant displayed, used, threatened, or attempted to use a deadly weapon in the commission of the

---

1. The elements of aggravated battery as presented to the jury were:
   1. On or about the 17th day of April, 2005;
   2. in the state of Idaho;

3. the defendant ... committed a battery upon Jeffrey M. Crump, and;
4. when doing so the defendant used a deadly weapon.

crime." Purdie did not object to either the verdict or the enhancement determination.

After being sentenced to a unified sentence of ten years with one year determinate, Purdie timely appealed.

## II.

## ANALYSIS

■ Purdie contends that because the jury handed down inconsistent verdicts, the evidence was insufficient to support his conviction for aggravated battery. This argument essentially blends the concepts of insufficiency of the evidence and inconsistent verdicts, which the United States Supreme Court explained in *United States v. Powell*, 469 U.S. 57, 67, 105 S.Ct. 471, 478, 83 L.Ed.2d 461, 470 (1984) (emphasis added), are actually distinct theories:

> [Sufficiency of the evidence] review should not be confused with the problems caused by inconsistent verdicts. Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt. This review should be *independent* of the jury's determination that evidence on another count was insufficient.

*Accord State v. Lopez*, 126 Idaho 831, 834, 892 P.2d 898, 901 (Ct.App.1995) (recognizing the two issues are related, but discussing them under distinct analyses). In other words, the inconsistency of verdicts is not a relevant consideration in determining whether there is sufficient evidence to uphold a guilty verdict. Accordingly, we do not address Purdie's argument regarding the issue of inconsistent verdicts under the guise of insufficient evidence, but as a separate basis for challenging his conviction.

■ "Inconsistency" between verdicts is generally understood to mean some logical impossibility or improbability implicit in the jury's findings on several indictments or informations tried together or as between several counts of a single criminal accusation tried without severance of the counts. *Lopez*, 126 Idaho at 835, 892 P.2d at 902; *State v. Ruiz*, 115 Idaho 12, 15, 764 P.2d 89, 92 (Ct.App.1988).[2] According to most authorities, consistency between the verdicts on simultaneously tried charges is unnecessary where the defendant is convicted on some counts but acquitted on others, and the convictions will generally be upheld irrespective of their rational incompatibility with the acquittals. *Id.* This view follows the opinion of the United States Supreme Court in *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), which was more recently confirmed in *Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461. In *Powell*, 469 U.S. at 69, 105 S.Ct. at 479, 83 L.Ed.2d at 471, while recognizing that inconsistent verdicts are a clear indication a jury has disobeyed the court's instructions, the Supreme Court nevertheless held that a conviction will not be vacated "merely because ... verdicts cannot rationally be reconciled." *Id.* at 65–66, 105 S.Ct. at 476–77, 83 L.Ed.2d at 468–69. The Court described essentially three rationales for establishing this rule: (1) there is no way to know why the jury rendered an inconsistent verdict, and therefore such verdicts must be upheld in the interest of protecting lenity;[3] (2) since the government cannot appeal inconsistent acquittals, it would be unfair to allow a defendant to appeal inconsistent convictions; and (3) the requirement of a sufficiency of the evidence review on appeal prevents any harm that could result from an inconsistent verdict. *Id.*, at 65–69, 105 S.Ct. at 476–79, 83 L.Ed.2d at 468–71.

Here, we conclude the jury's guilty verdict concerning the aggravated battery charge,

---

2. The caselaw in the area of inconsistent verdicts almost exclusively concerns a single defendant, multiple count scenarios or multiple defendant scenarios. The Washington Supreme Court, however, recently affirmed the application of the same principles to a case involving a single defendant and an inconsistency between a verdict and a special verdict in regards to a single count, analogous to the situation in this case. *State v. Goins*, 151 Wash.2d 728, 92 P.3d 181 (2004).

We agree that there is no substantive difference between the situations and apply the general inconsistent verdict law to the case at hand.

3. Jury lenity is the jury's unreviewable power to refuse to enforce the law. *United States v. Powell*, 469 U.S. 57, 65, 105 S.Ct. 471, 476, 83 L.Ed.2d 461, 468 (1984).

which included finding beyond a reasonable doubt that Purdie had utilized a deadly weapon, was unequivocally inconsistent with its later decision regarding the sentencing enhancement where it answered "no" when asked whether Purdie had wielded a deadly weapon in committing the battery. It is logically impossible to reconcile the jury's decision that Purdie had used a deadly weapon when convicting him of aggravated battery, with its subsequent decision that he had not used a deadly weapon *in the same incident* when asked to address the sentencing enhancement. However, in light of *Powell,* even though the verdicts in this case are inconsistent, Purdie's conviction for aggravated battery will not be reversed.[4]

■■■ Finding no reason to disturb Purdie's conviction on the basis of inconsistent verdicts, we examine whether, despite the inconsistent verdict, sufficient evidence warranted the guilty verdict. Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito,* 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); *State v. Knutson,* 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App.1991). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson,* 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker,* 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito,* 131 Idaho at 385, 957 P.2d at 1101; *Knutson,* 121 Idaho at 104, 822 P.2d at 1001.

In order to convict Purdie of the charge, the jury was required to find that he committed a battery upon the victim utilizing a deadly weapon. Upon review of the record, we conclude the verdict was supported by sufficient evidence. Purdie admitted during his trial testimony that he engaged in an altercation with Crump and that he repeatedly struck him. He also admitted that he used a knife during the fight. Specifically, he stated that he "pulled out the knife to actually use it as a fist pack to ... maybe get myself more pressure with a punch to get [Crump] off of me" and when asked what happened next, stated, "I do know that I did flip the knife open, and at that point I was still getting kicked in the side, and I just started swinging the knife back and forth...." He further elaborated that he had not meant to stab Crump and had not been directing his "swinging" motion with the knife towards anyone, but was attempting to

---

4. We recognize that in *State v. Garcia,* 102 Idaho 378, 383, 630 P.2d 665, 670 (1981), our Supreme Court noted there was a "growing body" of case law taking a position contrary to *Dunn* and questioned the "vitality" of *Dunn* while reserving decision on the issue. *See also State v. Ruiz,* 115 Idaho 12, 764 P.2d 89 (Ct.App.1988) and *State v. Lopez,* 126 Idaho 831, 892 P.2d 898 (Ct.App. 1995) (intimating that Idaho law concerning inconsistent verdicts was moving in a different direction than that proclaimed in *Powell* by noting that "some jurisdictions, including Idaho, have exhibited greater concern about inconsistency"). However, neither court ever expressly rejected the U.S. Supreme Court's rule, and a national trend towards rejecting *Dunn* and *Powell* has not materialized. The number of jurisdictions doing so has actually diminished. *See e.g., People v. Jones,* 207 Ill.2d 122, 278 Ill.Dec. 45, 797 N.E.2d 640, 647 (2003) (overruling state precedent that had rejected *Powell*). Currently, only three states differ, to varying degrees, with the Supreme Court's inconsistent verdict jurisprudence, while the vast majority follow *Powell's* holding that generally affirms verdicts even if inconsistent. And even the jurisdictions departing from the Supreme Court in this area do not automatically reverse convictions when any inconsistency is present-rather, they have struck respective compromises. *See e.g., Daygee v. State,* 514 P.2d 1159, 1168 (Alaska 1973) (requiring the level of inconsistency to be "high" before reversal is appropriate); *Roberts v. State,* 680 P.2d 503, 506 (Alaska Ct.App.1984) (requiring an objection to be made prior to jury dismissal for verdict inconsistencies to be considered on appeal); Ashlee Smith, Comment, *Vice-A-Verdict: Legally Inconsistent Jury Verdicts Should Not Stand in Maryland,* 35 U. Balt. L. Rev. 395, 410– 11 (2006) (noting that in New York, for a conviction to be reversed on appeal for inconsistency, the verdicts must be more than merely inconsistent, but must be "repugnant" to justice, and the defendant must have objected to the issue prior to discharge of the jury if the inconsistency could have been remedied by resubmission to the jury).

defend himself against Crump and others whom he testified were also striking him.

In addition, other eyewitnesses testified as to the incident. All testified that Crump and Purdie engaged in an altercation, with Crump being stabbed and bloodied in the process. Tyler Landerman stated that "[Crump] collapsed and there was blood everywhere, and then I saw [Purdie] to his side with a knife in his right hand." Brett Gibson, a resident of the house, also testified that he saw a knife in Purdie's hand during the altercation. A knife was later found by law enforcement behind a cushion on a couch located on the porch where the fight took place.

So, while Purdie attempted to convince the jury he was acting in self defense, the jury was free to reject his account and instead give consideration to evidence pointing to his use of the knife in a manner constituting aggravated battery. Taking into account the deference we show jury verdicts, we conclude there was sufficient evidence to uphold the guilty verdict in this case.

## III.

### CONCLUSION

We conclude an inconsistent verdict is not a basis for vacating the jury's determination of guilt beyond a reasonable doubt on the aggravated battery charge. The jury's guilty verdict is supported by substantial evidence. Accordingly, Purdie's judgment of conviction for aggravated battery is affirmed.

Chief Judge PERRY and Judge LANSING concur.

