On Application for Rehearing

KELLUM, Judge.
On rehearing, Jason Andrew Murphy argues that there was insufficient evidence to support his conviction for burglary in the second degree. Specifically, Murphy argues that the burglary charge against him can be upheld only if he had the specific intent to commit murder — as he was indicted for knowingly entering or remaining unlawfully at the PrimeCare facility with the intent to commit murder— therefore, this Court’s holding that there was insufficient evidence to support his attempted-murder conviction necessarily means that Murphy did not have the intent to murder necessary to support his burglary conviction. Although it is true that the second-degree burglary charge can only be upheld if Murphy had the specific intent to commit murder when he entered the PrimeCare facility, the record indicates that there was sufficient evidence to support the jury’s finding that Murphy intended to commit murder when he entered PrimeCare, despite this Court’s reversal of Murphy’s attempted-murder conviction.
In a prosecution for second-degree burglary, the intent of the defendant “must be inferred by the jury from a due consideration of all of the material evidence.” Rivers v. State, 624 So.2d 211, 213 (Ala.Crim.App.1993).
“Normally there is no direct evidence of intent. ‘ “ ‘Intent, we know, being a state or condition of the mind, is rarely, if ever, susceptible of direct or positive proof, and must usually be inferred from the facts testified to by witnesses and the circumstances as developed by the evidence.’” Ex parte C.G., 841 So.2d 292, 301 (Ala.2002), quoting Pumphrey v. State, 156 Ala. 103, 106, 47 So. 156, 157 (1908).’ ”
Brown v. State, 11 So.3d 866, 914 (Ala.Crim.App.2007). “ ‘The question of intent is hardly ever capable of direct proof. Such questions are normally questions for the jury.’ ” Id. at 914 (quoting Payne v. State, 946 So.2d 930, 935 (2006) (other citations omitted)).
In the instant case, our review of the record indicates that the State presented sufficient evidence from which the jury could conclude that Murphy intended to commit murder when he entered the PrimeCare facility. Murphy took with him when he went to the PrimeCare facility an M14 rifle, a pistol, a knife, a military helmet, and a significant amount of ammunition. On his way into the facility, Murphy *546 shot out the windows in the front of the building, shot out the glass in the reception area, and shot other items in the building. Murphy also said that “he was there for the docs,” a statement that created the inference that he wanted to harm the doctors at the facility. Because the jury is allowed to infer intent “from a due consideration of all of the material evidence,” Rivers, 624 So.2d at 213, and because the material evidence indicated that Murphy launched a heavily armed assault on the PrimeCare facility and that he wanted to harm the doctors at the facility, the logical inference is that Murphy intended to commit murder when he entered PrimeCare.
Murphy asserts that this Court’s reversal of his conviction for attempted murder means that he cannot be guilty of second-degree burglary. Under § 13A-4-2, Ala. Code 1975, a person must intend to commit a specific offense in order to be guilty of an attempt. Murphy argues that “the combined not-guilty verdicts and this Court’s judgment as to the attempted-murder charge negate a finding, based on all of the evidence, that [Murphy] ever entertained the specific intent to murder.” (Murphy’s brief in support of application for rehearing, p. 4.) Therefore, Murphy appears to argue, the verdicts in his case were inconsistent and mutually exclusive and, thus, are due to be reversed.
The Alabama Supreme Court discussed inconsistent and mutually exclusive verdicts in Hammonds v. State, 7 So.3d 1055 (Ala.2008):
“‘“Inconsistency” between verdicts is generally understood to mean some logical impossibility or improbability implicit in the jury’s findings on several indictments or informations tried together or as between several counts of a single criminal accusation without severance of the counts.’ State v. Purdie, 144 Idaho 911, 174 P.3d 881, 883 (Ct.App.2007). An inconsistent verdict on different counts of a multiple-count indictment is permissible. A jury verdict on each count is independent; a verdict of either conviction or acquittal of one has no effect or bearing on another. A jury’s verdict may be inconsistent or even illogical but nonetheless permissible if it is supported by sufficient evidence. The rationale for allowing inconsistent verdicts is:
“ ‘(1) there is no way to know why the jury rendered an inconsistent verdict, and therefore such verdicts must be upheld in the interest of protecting lenity; (2) since the government cannot appeal inconsistent acquittals, it would be unfair to allow a defendant to appeal inconsistent convictions; and (3) the requirement of a sufficiency of the evidence review on appeal prevents any harm that could result from an inconsistent verdict.’
“State v. Purdie, 174 P.3d at 884 (citing United States v. Powell, 469 U.S. 57, 65-69, 105 S.Ct. 471 [83 L.Ed.2d 461] (1984) (footnote omitted)). This Court will not disturb guilty verdicts on the basis of apparent inconsistencies so long as there is sufficient evidence to support the verdicts. However, mutually exclusive verdicts are contradictory and cannot be reconciled. Verdicts are mutually exclusive if the existence of any of the elements of one offense negates the existence of any of the elements for another offense of which the defendant also stands convicted.”
7 So.3d at 1061.
We have carefully reviewed the record, as well as the Supreme Court’s holding in Hammonds. Even if the verdicts in Murphy’s case are inconsistent, they are not mutually exclusive. Contrary to Murphy’s argument, it was not legally impossible for *547 the State to prove the elements of second-degree burglary without also proving that Murphy was guilty of attempted murder. For example, the jury could have reasonably concluded that Murphy intended to kill people inside PrimeCare when he entered the facility, but that his actions once inside PrimeCare were nothing more than reckless.
This Court’s duty is to determine whether there was legally sufficient evidence to support Murphy’s conviction for second-degree burglary. See Gavin v. State, 891 So.2d 907, 974 (Ala.Crim.App.2003). Based on the foregoing, we conclude that the State presented sufficient evidence indicating that Murphy intended to commit murder when he entered PrimeCare. The jury weighed the evidence and found Murphy guilty of second-degree burglary. A jury’s verdict may be inconsistent or even illogical but nonetheless permissible if it is supported by sufficient evidence. See Hammonds, 7 So.3d at 1061. Accordingly, Murphy’s application for rehearing has presented no grounds for reversal on this issue.
APPLICATION FOR REHEARING OVERRULED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.