The writ of certiorari was granted automatically in this case in which the death penalty was imposed as punishment. Rule 39 (c), ARAP. We have carefully reviewed the record and the briefs of the parties on the points raised by the petition, and upon due consideration we affirm the conviction. We reverse and remand for a new sentencing hearing, however.
As noted by the Court of Criminal Appeals, there were two sentencing proceedings in the lower court. At the second hearing that court applied our decision in Ex parte Cook, Ala.,369 So.2d 1251 (1978), interpreting the aggravating circumstance of "a capital felony was committed for pecuniary gain" as contained in Code of 1975, § 13-11-6, and eliminated his consideration of that factor in his determination of the sentence. The trial court then adopted his findings made in the original sentencing hearing. These included the following: *Page 874 
 2. The present capital felony was committed while the defendant was engaged in and accompanied by another person in the commission of a robbery [Subsection 4].
 3. This capital felony was committed for the purpose of avoiding or preventing a lawful arrest for the purposes of getting rid of the victim so that he could not identify the defendant [Subsection 5].
The Court of Criminal Appeals held that these findings accorded with the provisions of § 13-11-6 on aggravating circumstances. We disagree with that conclusion because we are convinced that subsection (5) of § 13-11-6 requires a more limited interpretation than either court has given it. Subsection (5) states:
 The capital felony was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody;
One interpretation of this provision would enable it to be applied in all felony cases in which death has ensued, for it could be said that one of the purposes of inflicting any death would be to prevent identification by the victim. The language of the provision, grouped as it is with other specific circumstances of aggravation, cannot have been intended by the legislature to have such an expansive application. The requirement of strict construction of criminal statutes also augurs for a more restricted interpretation. Schenher v. State,38 Ala. App. 573, 90 So.2d 234, cert. den. 265 Ala. 700,90 So.2d 238 (1956). Utilizing the clear language of the provision to determine the circumstances to which it is applicable we conclude that it applies to "lawful arrest" or "escape from custody" situations. Cf. the concurring opinion of Torbert, C.J., in Jacobs v. State, Ala., 361 So.2d 640 (1978). It should be kept in view that the offenses for which the death penalty may be invoked are aggravated offenses. Undoubtedly the legislature, by adopting the provision in question, placed special emphasis upon the protection of persons effecting lawful arrests or who would be endangered during escapes from lawful custody, and thus sought to deter such conduct by applying the extreme sanction to it. It was error, therefore, for the trial court to have applied this aggravating circumstance to this factual situation which was inappropriate for any such application. We must remand the case to the Court of Criminal Appeals with directions to order a rehearing in the circuit court for the purpose of sentencing in accord with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED TO THE COURT OF CRIMINAL APPEALS WITH DIRECTIONS.
TORBERT, C.J., and BLOODWORTH, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.
MADDOX, J., dissents.