THE STATE OF OHIO, APPELLEE, *v.* WHITING, APPELLANT.

(Nos. C-860703 and C-860713— Decided July 22, 1987.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *L. Susan Laken* and *Julie K. Wilson,* for appellee.

*Raymond T. Faller,* for appellant.

*Per Curiam.* These causes came to be heard upon appeals from the Court of Common Pleas of Hamilton County. The two appeals were consolidated.

Defendant-appellant, Ronald Whiting, was convicted of a felony drug abuse offense. He now brings this timely appeal in which his counsel asserts four assignments of error.[1]

The record reveals that Whiting was indicted for the commission of acts prohibited by R.C. 2925.03(A)(2). The indictment further states that the drug involved was a Schedule II controlled substance. At trial, the state offered testimony of police officers who observed a transaction between Whiting and co-defendant James Robinson. Using binoculars, the officers observed Whiting hand Robinson three pills and Robinson hand Whiting an undetermined amount of cash. Both men were arrested soon after the transaction.

In his first assignment of error, Whiting asserts that the jury verdict was insufficient to sustain a sentence for a second- or third-degree felony. We agree and emphasize that the assignment does not contend the verdict is not supported by sufficient evidence.

The statute violated, R.C. 2925.03, as drafted, lends itself to imprecision in terminology. This court addressed the problem in detail in *State* v. *Jones* (June 6, 1984), Hamilton App. No. C-830608, unreported. In *Jones,* we held that, depending on the drug involved, a defendant may be guilty of any of three distinct crimes by the commission of any of the eight specific acts prohibited by R.C. 2925.03(A). If the drug is a Schedule I or II controlled substance, the defendant is guilty of "aggravated trafficking," R.C. 2925.03(C). If the drug is a Schedule III, IV, or V controlled substance, the defendant is guilty of "trafficking in drugs," R.C. 2925.03(D). If the drug involved is marijuana, the defendant is guilty of "trafficking in marihuana," R.C. 2925.03(E).

In the case *sub judice,* Whiting was indicted for an offense constituting *aggravated trafficking* with the specification of a prior conviction for a felony drug abuse offense. The verdict form, however, finds Whiting guilty of *trafficking in drugs* and specifies a prior conviction for *trafficking in drugs.*[2] The discrepancy between the indictment and the verdict form is sufficient to cast doubt upon the jury's verdict and create the need for a new trial because, under the facts of the case on review, trafficking in drugs cannot be a lesser included offense of aggravated trafficking. The appellant's first assignment of error is sustained.

In his second assignment of error, Whiting asserts that the trial court erred in admitting into evidence a syringe that was in the possession of the co-defendant James Robinson when Robinson was arrested. We agree. It was incumbent upon the state to prove that Whiting prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed a controlled substance, when he knew or had reasonable cause to

---

[1] We note that Whiting filed a brief in this action *pro se.* We will not address Whiting's assignments of error separately as they are subsumed in our response to counsel's assignments.

[2] All "trafficking in drugs" convictions are felony drug abuse offenses as contrasted with the general term "trafficking offenses," which may be either felonies or misdemeanors.

believe that such drug was intended for sale or resale by himself or another. R.C. 2925.03(A)(2). The fact that Robinson had a syringe in his possession when he was arrested has no probative value in establishing any of the elements in R.C. 2925.03(A)(2) in the state's case against Whiting. It was error for the trial court to allow the syringe into evidence.

In his third assignment of error, Whiting asserts that the trial court erred in failing to grant his motion for a view of the premises from which the officers observed the transaction between Whiting and Robinson. The test, upon review, is whether the trial court abused its discretion in denying the request. *Calloway* v. *Maxwell* (1965), 2 Ohio St. 2d 128, 31 O.O. 2d 196, 206 N.E. 2d 912; *State* v. *Harris* (Apr. 4, 1984), Hamilton App. No. C-830488, unreported. After reviewing the record, we find no reason to believe that the jury was handicapped or had its task made more difficult because they were not able to view the scene of the transaction. The trial court did not abuse its discretion in denying Whiting's motion; consequently, Whiting's third assignment of error is overruled. *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89, 91, 1 OBR 125, 127, 437 N.E. 2d 1199, 1201.

Whiting contends, in his fourth assignment of error, that his conviction was against the weight of the evidence. We have reviewed the evidence in this case excluding the evidence erroneously admitted. We do not find that, in resolving the conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice. *State* v. *Martin* (1983), 20 Ohio App. 3d 172, 20 OBR 215, 485 N.E. 2d 717. Whiting's fourth assignment of error is overruled.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

KLUSMEIER, P.J., SHANNON and HILDEBRANDT, JJ., concur.

