The appellant, Ivey Earl Lyde, received a sentence of life imprisonment plus five years for his conviction of the unlawful distribution of a controlled substance, in violation of §13A-12-211, Code of Alabama 1975, and for the unlawful possession of a controlled substance in violation of §13A-12-212(a)(1), Code of Alabama 1975. The appellant raises three issues on appeal.
 I
The appellant, a black man, contends that during the selection process of the jury the State violated the mandate established by the Supreme Court of the United States inBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986), when two blacks, B.H., and J.M., were stricken from the venire for allegedly racially motivated reasons. We disagree.
Of the nine strikes made by the prosecution, only two were challenged. Although the trial court failed to make a determination in regard to whether the appellant had established a prima facie case of discrimination, it required the prosecutor to articulate his reasons for striking potential jurors B.H. and J.M.
The prosecutor's reason for striking B.H. from the jury was that the defense counsel had previously represented her in a divorce action. The reasons given for striking prospective jury member J.M. were that J.M. had served on two juries that had rendered not guilty verdicts and that there also existed the possibility that J.M. might have been dissatisfied with the outcome of a child support case in which he had been represented by the prosecutor when he was a private attorney.
After hearing the reasons given by the prosecutor for striking B.H. and J.M. from the jury, the trial judge denied the challenge. In reviewing the appellant's claim, the trial court's findings as to whether the defendant established purposeful racial discrimination are to be accorded great deference on appeal and should be reversed only if they are clearly erroneous. Mitchell v. State, 579 So.2d 45
(Ala.Cr.App. 991), cert. denied, Ex parte Mitchell,596 So.2d 954 (Ala. 992), citing Ex parte Branch, 526 So.2d 609, 624
(Ala.Cr.App. 987).
A review of the record clearly indicates that the reasons articulated by the prosecutor for striking B.H. and J.M. from the jury were race neutral. This court has ruled that the State does not exercise peremptory jury strikes in a discriminatory manner where the prosecutor is able to point to commonalities between *Page 1257 
struck black jurors and other struck white jurors. Harris v.State, 545 So.2d 146 (Ala.Cr.App. 988). Striking a black veniremember for the same reason for striking a white veniremember is a legitimate race neutral reason. McGahee v.State, 554 So.2d 454 (Ala.Cr.App. 989), aff'd 554 So.2d 473
(Ala. 989). All prospective jurors, including a white juror, who had had an attorney-client relationship with defense counsel were struck by the prosecutor. All jurors, including a white juror, who had served on a jury that had rendered not guilty verdicts, were struck by the prosecutor.
Moreover, this court has ruled that a black veniremember's prior service on a jury in which a not guilty verdict was rendered is a facially race-neutral reason for striking the veniremember. Watkins v. State, 551 So.2d 421
(Ala.Cr.App. 988). Furthermore, the fact that a potential black juror or a member of his family has been represented by defense counsel is a racially neutral reason for striking the juror.Ward v. State, 539 So.2d 407 (Ala.Cr.App. 988). The prosecution challenged non black jurors with the same or similar characteristics as black jurors. No evidence was shown that the reasons or explanations given for striking the two black jurors were a sham or pretext for racially motivated purposes. Exparte Riggs, 558 So.2d 981 (Ala. 990).
 II
The appellant next contends that the trial judge erred in refusing to exclude the highly prejudicial testimony of State undercover agent Robert Chambers, that the court erred in refusing to instruct the jury to disregard the agent's testimony, and that that testimony warranted a mistrial. We disagree.
During the direct examination of Chambers, an undercover agent for the State drug task force, three statements were made regarding the interactions between Chambers and the appellant during the sale of crack cocaine for which the appellant was being tried. The three statements indicated that a prior sale of cocaine had taken place between Chambers and the appellant. Chambers first statement, "[Lyde] asked me what did I want to get this time," and the second, "another 25-cent piece," were made at trial without objection from the defense counsel. The third statement from Chambers, "[H]ow was the other that I had got," received an objection with no specific grounds, which the judge sustained. Though the trial court sustained the appellant's general objection, the judge ruled that Chamber's statements were not so prejudicial as to warrant a mistrial, exclusion from the evidence, or an instruction to the jury on how to treat the testimony, and even acknowledged that Chambers's statements could have come into evidence under the res gestae exception to the hearsay rule.
Further, the first two statements were admitted into evidence without objection. The third statement was merely cumulative of the first two statements.
The testimony upon which the alleged errors arose could have come into the evidence under the res gestae exception to the hearsay rule. The res gestae exception permits showing all that transpires contemporaneous with the main fact at hand and all that constitutes a spontaneous part of the transaction.Pope v. State, 586 So.2d 1003 (Ala.Cr.App. 991).
 III
Finally, the appellant contends that the cocaine sold to undercover agent Chambers by the appellant should have been excluded at trial because, he argues, there was a break in the chain of custody of that evidence. At trial, the State moved to have three of its exhibits, including the crack cocaine sold to the agent by the appellant, put into evidence at the same time. Defense counsel then objected to the State's introducing the three exhibits simultaneously. The trial judge overruled defense counsel's objection after counsel answered that he had no other ground on which to object to the introduction of the exhibits.
The issue of whether an alleged break in the chain of custody of the evidence *Page 1258 
occurred cannot be decided because this issue was not raised at trial. The defendant is bound on appeal of a criminal prosecution by the grounds stated for the objection at trial.Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App. 984). Moreover, statements of specific grounds for an objection waive all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial. Rika v. State,587 So.2d 1054 (Ala.Cr.App. 991).
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.