The appellant was convicted of "intent to commit murder"; theft of property in the first degree, in violation of §13A-8-3, Code of Alabama 1975; robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975; and kidnapping, in violation of § 13A-6-43, Code of Alabama 1975. The appellant was sentenced to life imprisonment on the "intent to commit murder" and theft convictions. He was sentenced to life imprisonment without parole on the robbery and kidnapping convictions. All sentences were to run concurrently.
 I
The appellant contends that he is entitled to a new trial because the prosecution did not disclose to him that the police had towed his car from the scene of the crime for impoundment. He alleges that the prosecutor's failure to disclose this evidence prejudiced his defense in violation of Brady v.Maryland, 373 U.S. 83, *Page 352 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The appellant does not state how he was prejudiced.
A review of the record indicates that the undisclosed evidence was not exculpatory (i.e., it revealed only that the appellant did, in fact, have a flat tire and it shed no light on the offenses allegedly committed by the appellant). Therefore the evidence was not "material," as defined byUnited States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392,49 L.Ed.2d 342 (1976). Thus, no error occurred.
 II
The appellant contends that the trial court erred in denying his motion for a mistrial, which was based upon the following testimony of the police officer who took the appellant's statement:
"Q [Prosecutor]: You read that to the defendant?
"A [Officer]: Yes, it was read to him, yes, sir.
 "Q And did he indicate to you that he understood it?
 "A The best of my recollection, he didn't indicate one way or the other whether he understood it. He said he wanted to speak to his attorney before he made any statements."
The record indicates that after the appellant objected and moved for a mistrial, the trial judge gave the following curative instruction:
 "The purpose for questioning the officer about the document regarding Miranda warning or reading the Miranda rights to the defendant is submitted to you for only this purpose, the fact that he was advised of his rights and for the time it was done, which was three something. You will recall what that was. It is not submitted to you for any other purpose. Now, in the response that the officer made, he responded in the sense in that he added the expression that he refused and said he wanted an attorney present.
 "Now my question to you is that, and this is to each one of you, that is not to be considered by you as any evidence, that response that he declined to sign or that he asked for an attorney. That is not for you to consider. It is not evidence in this case; and the only evidence that you will take from that document, as I said, is the time and the fact that he was, if you find it to be a fact, that he was advised of his rights, of Miranda."
Subsequent thereto, the trial judge polled the jurors and determined that all jurors indicated that they could disregard the testimony. Thus, no error occurred here. Beadnell v. State,574 So.2d 890 (Ala.Cr.App. 1990).
 III
The appellant argues that the trial court erred in denying his motion for a new trial because, he argues, an improper verdict form was submitted to the jury. The verdict form submitted to the jury contained a charge of "intent to commit murder" rather than "attempted murder." The trial court, in its oral charge, instructed the jury on "intent to commit murder" and "attempted murder." Thereafter, the jury returned a verdict of guilt on "intent to commit murder" against the appellant. The State argues that, although the appellant raised these grounds in his motion for new trial, his objection was not timely because it was not made when the trial court gave its oral charge to the jury.
As evidenced by the indictment, the appellant was charged with attempted murder. § 13A-4-2, Code of Alabama 1975. However, he was erroneously convicted of "intent to commit murder." In Slay v. State, 338 So.2d 3 (Ala.Cr.App. 1976), this court, quoting Reddock v. State, 23 Ala. App. 290, 124 So. 398
(1929), held: " '[I]t is not within the province of any [trial] court to modify, change, or alter the statutes of the State of Alabama, and no trial judge is vested with the exercise of discretion to this end.' " Additionally, "[a] court's lack of subject-matter jurisdiction is fundamental, cannot be waived, and may be raised at any time." McKinney v. State,549 So.2d 166, 168 (Ala.Cr.App. 1989). See Rule 15.2(d), A.R.Cr.P. Moreover, it is incumbent upon appellate courts to consider lack of subject-matter jurisdiction ex mero motu. Ex parteSmith, 438 So.2d 766 (Ala. 1983).
Although "intent" to commit a crime is a necessary element within any *Page 353 
"attempt" statute, it is not, in and of itself, a crime to possess intent; hence, the court was without jurisdiction to pronounce judgment on the verdict finding the defendant guilty of "intent to commit murder." Accordingly, the trial court's judgment on the "intent to commit murder" conviction is null and void and will not support an appeal.
AFFIRMED AS TO CONVICTIONS FOR THEFT OF PROPERTY, ROBBERY, AND KIDNAPPING; REVERSED AND JUDGMENT RENDERED FOR THE APPELLANT AS TO CONVICTION FOR "INTENT TO COMMIT MURDER."
All Judges concur.
MONTIEL, J., dissents with opinion.