The appellant, Michael Miller, was convicted of unlawful distribution of a controlled substance, § 13A-12-211, Code of Alabama 1975. He was sentenced to two years' imprisonment, and that sentence was suspended. His sentence was enhanced by an additional five years' imprisonment pursuant to § 13A-12-250, Alabama's "schoolyard statute."
Miller did not preserve the issue he raises as to whether the trial court erred in refusing to give his written requested jury instruction on the allegedly permissible inference that could be drawn from the prosecution's alleged failure to call a specific person as a witness or to explain the witness's absence. His objection was, "We are satisfied except for the failure to give the requested charge." The defendant is required to state with particularity the grounds of his objection to the court's refusal to give a requested charge. Morrison v. State, 601 So.2d 165, 178 (Ala.Cr.App. 1992).
In regard to Miller's second issue, i.e., whether he was improperly sentenced under § 13A-12-250, the attorney general concedes that the record fails to show that Miller received the required notice that the prosecution would seek enhancement of Miller's sentence under § 13A-12-250. He asks that this case be remanded for a new sentence hearing so that Miller can be provided with notice and an opportunity to refute the prosecution's evidence that the sale occurred within three miles of a school. He also asks that this case be remanded for compliance with the mandatory "Demand Reduction Assessment Act," § 13A-12-281.
We therefore remand the case. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 60 days of the release of this opinion. The return to remand shall include a transcript of the new sentencing proceeding.
REMANDED WITH DIRECTIONS.*
All Judges concur.
* Note from the Reporter of Decisions: On November 9, 1995, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On January 19, 1996, the court denied rehearing, without opinion.