The appellant, Edward Sanders, was convicted of murder, a violation of 13A-6-2, Ala. Code 1975. The appellant was sentenced pursuant to § 13A-5-6(4), Ala. Code 1975, to serve 20 years and one day in the penitentiary and was ordered to pay a $5,000 fine. He raises three issues on appeal.
 I
An indictment for murder was returned against the appellant by the February 1994 grand jury of Lawrence County. The appellant contends that the trial court erred in failing to grant his motion to quash the indictment returned against him. He alleges that the motion was due to be granted based on the history of discrimination against black citizens in the selection of the grand jury foremen in Lawrence County between 1984 and 1994. In order to establish a prima facie case of discrimination in the selection of a grand jury foreman:
 " '[A] petitioner must demonstrate: 1) that the group against whom discrimination is asserted is a distinct class, singled out for different treatment; 2) the degree of underrepresentation by comparing the proportion of the group in the total population to the proportion called to serve as foremen over a significant period of time; and 3) that the selection procedure is susceptible to abuse or is not racially neutral. This prima facie case may then be rebutted by evidence that objective, racially neutral criteria were used in the selection process.' "
Locke v. State, 631 So.2d 1062 (Ala.Cr.App. 1993), quotingJohnson v. Puckett, 929 F.2d 1067, 1071-72 (5th Cir.), cert. denied, 502 U.S. 898, 112 S.Ct. 274, 116 L.Ed.2d 226 (1991).
The appellant has proven the first and third elements. "Blacks comprise a distinct class capable of being singled out for different treatment under the laws." Locke v. State,631 So.2d 1062 (Ala.Cr.App. 1993); Rutherford v. State,612 So.2d 1277 (Ala.Cr.App. 1992); Rose v. Mitchell, 443 U.S. 545,99 S.Ct. 2993, 61 L.Ed.2d 739 (1979). The trial judge asserted that he chose Mr. Louie Smith at random to be the grand jury foreman because Smith had served before.[1] In Johnson v. Puckett, supra, the United States Court of Appeals for the Fifth Circuit held that the petitioner proved that the selection process for grand jury foremen in the county of his conviction violated his right to equal protection where, "[t]he grand-jury-foreman-selection process . . . in which the circuit judge appoints the foreman on the basis of his own subjective criteria after having access to data concerning the race and sex of the grand jury panel member, is subject to abuse."
We thus turn our attention to the second element. Statistics are often a useful tool because they may be structured in such a way as to be persuasive for the party offering them. The appellant has specified that we look at the history of the selection of grand jury foremen during the 10-year period between 1984 and 1994. The same information has been analyzed and presented in statistical form by both parties in support of their respective arguments. The appellant submitted the following in support of his motion to quash the indictment.
The appellant was indicted by the February 1994 grand jury of Lawrence County, and Louie Smith, a white male served as foreman. In support of his motion to quash the indictment, the appellant submitted the *Page 16 
1990 United States Census for Lawrence County. The 1990 census reflected that the total population of Lawrence County was 31,513. The number of whites was 24,563 and the number of blacks was 4,798. As percentages these numbers reflect a population that is 78% white, 15% black, and 7% other. However, in preparing his statistics, the appellant did not remove from these numbers those individuals under 18 years of age and therefore unqualified to serve on a jury. Once these individuals are subtracted, the total population eligible to serve on a jury in 1990 was 22,874. Of these, 3,075 (13%) were black and 18,702 (82%) were white. Of course, these figures change as the population grows older each year.
The appellant presented a list of grand jury foremen for the 10-year period beginning in April 1984 ending in November 1994. The appellant argues that because one black served as grand jury foreman for three terms she should be counted only once. Also the appellant argues that because one black served after first being an alternate he should not be counted at all. Therefore, according to the appellant, only one black served as grand jury foreman in the 10-year period. The appellant also argues that the total number of persons originally chosen to be grand jury foremen is 24. Reduced to percentages, 96% of the grand jury foremen have been white and 4% have been black in that 10-year period.
We, however, we do not agree with the appellant's presentation, and will count each term of the grand jury as one. The appellant's list reflects that there have been 46 terms of the grand jury in that 10-year period. A black has served as foreman of the grand jury four of these terms.[2]
According to the appellant's list the first black grand jury foreman was selected in January 1990.[3] Between January 1990 and February 1994, when the appellant was indicted, there have been 22 grand jury foremen, of which 18 (82%) have been white and 4 (18%) have been black. Therefore in this case, the record reflects that since the first black was appointed in January 1990, blacks have consistently served as grand jury foremen in Lawrence County in numbers consistent with the population of blacks in the county eligible to serve on grand juries.
In a case such as this, where statistics taken from the past five years show that any previous discrimination in the grand jury foremen selection process has apparently ceased, it is unfair to permit the challenging party to use unfavorable data created many years prior to the implementation of a fair selection process. To do so allows a party to overshadow the current trend of nondiscrimination by presenting as many past years as necessary to skew the statistics to reflect that a low percentage of blacks have served as grand jury foremen. To state differently, a challenging party may choose as much or as little data as necessary so that old trends and ancient biases are counted to overshadow recent trends in selecting the grand jury foremen. For instance, had the appellant gone back 15 years instead of 10, he probably would have had a stronger case. Had the appellant analyzed the past five years, as we have done, he would have no prima facie case. But seeJohnson v. Puckett, 929 F.2d 1067, 1071-72 (5th Cir.), cert. denied, 502 U.S. 898, 112 S.Ct. 274, 116 L.Ed.2d 226 (1991) (the United States Court of Appeals for the Fifth Circuit held that the petitioner had proven that the grand jury foremen selection process in the county of his conviction violated his right to equal protection where he established, among other things, that in the 20 years before the petitioner's conviction, 42 white foremen had been chosen while no black had been chosen to serve as foreman, even though 43% of the population of the county was black). In the five years before the appellant's conviction there have been four black grand jury foremen. Because in this case the increase in the past five years is dramatic compared with the past 10 years, we cannot conclude that the appellant established a prima facie case of *Page 17 
discrimination in the selection of the grand jury foremen in Lawrence County. "Only if respondents [establish] a prima facie case of discrimination in the selection of the foreman . . . [does] the burden shift to the State to rebut that prima facie case." Rutherford v. State, 612 So.2d 1277 (Ala.Cr.App. 1992) (citing Rose v. Mitchell, 443 U.S. 545, 99 S.Ct. 2993,61 L.Ed.2d 739 (1979)). Therefore, the trial court's denial of the motion to quash the indictment is affirmed.
 II
The appellant contends that the trial court committed error in refusing to give three requested jury instructions. This allegation is not preserved for appellate review. The appellant made a general objection to the trial court's refusal and did not state with particularity the grounds for his objection.Miller v. State, 673 So.2d 819 (Ala.Cr.App. 1995).
 III
The appellant contends that his right to procedural due process was violated because, he says, the State did not advise him that his sentence would be enhanced pursuant to §13A-5-6(a)(4), Ala. Code 1975 (use of a deadly weapon in the commission of the offense). This argument has no merit. "The State is not required to notify a defendant that §13A-5-6(a)(4) will be applied in sentencing." Worthington v.State, 652 So.2d 790, 796 (Ala.Cr.App. 1994).
Based on the above we find no error with the rulings of the trial court, and we affirm the appellant's conviction.
AFFIRMED.
All the Judges concur.
[1] The district attorney stated that he had no preference in the selection of the grand jury foreman.
[2] Dorothy Goode served three times: January 1990, March 1990, and June 1990. Jerry D. Key, Jr., ultimately served in June 1993, after originally being chosen as the alternate.
[3] The prosecution stated that a black may have served as grand jury foreman in 1983, but we will base our decision on the information presented by the appellant.