23 So.3d 694 (2008)
Vallory J. FRANKLIN
v.
STATE of Alabama.
CR-06-1870.
Court of Criminal Appeals of Alabama.
December 19, 2008.
*695 James F. Hampton, Montgomery; and Fletcher D. Green, Clanton, for appellant.
Troy King, atty. gen., and Yvonne A.H. Saxon, asst. atty. gen., for appellee.
WISE, Judge.
The appellant, Vallory J. Franklin, was convicted of aggravated child abuse, a violation of § 26-15-3.1, Ala.Code 1975.[1] She was sentenced to a term of 20 years' imprisonment. Franklin filed a motion for a new trial, which was denied by operation of law. This appeal followed.
The evidence indicated that the victim was Franklin's granddaughter. The evidence further indicated that on or about March 29, 2006, the then five-year-bid victim was staying with Franklin; that Franklin was boiling water in the kitchen; that Franklin accused the victim of cutting her sibling's hair; that the victim denied cutting her infant brother's hair; that Franklin then held the victim down and poured boiling water on her arm, which splashed on her leg and back. The evidence further indicated that Franklin wrapped the victim's arm in a cloth, but did not take the victim to seek medical assistance; that two days later the victim's aunt noticed the injuries and took the victim to be examined by medical personnel, where she was diagnosed with third-degree burns covering four percent of her body.[2] The victim testified inconsistently *696 as to whether Franklin appeared to have intended to pour the boiling water on her or whether it was an accident. Franklin testified that she was scolding the victim when her arm accidentally struck the pot containing the boiling water, causing the boiling water to accidentally spill on the victim, and that she immediately treated the burns with Neosporin brand antibiotics cream, clean water, and clean bandages.

I.
Franklin first argues that her sentence is illegal because, she claims, she was charged with and convicted of "child abuse" as set forth in § 26-15-3, rather than "aggravated child abuse" as set forth in § 26-15-3.1.
At the time of the events in this case, the offense of child abuse was set forth in § 26-15-3, Ala.Code 1975, as follows:
"A responsible person, as defined in Section 26-15-2, who shall torture, willfully abuse, cruelly beat or otherwise willfully maltreat any child under the age of 18 years shall, on conviction, be punished by imprisonment in the penitentiary for not less than one year nor more than 10 years."[3]
Section 26-15-3.1, Ala.Code 1975, states the offense of aggravated child abuse, as follows:
"(a) A responsible person, as defined in Section 26-15-2, commits the crime of aggravated child abuse if he or she does any of the following:
". . .
"(3) He or she violates the provisions of Section 26-15-3 which causes serious physical injury, as defined in Section 13A-1-2, to the child.
"(b) The crime of aggravated child abuse is a Class B felony."
The indictment charged that Franklin
"did, while a responsible person, to-wit: the grandmother of [the victim], having permanent or temporary care or custody or responsibility for the supervision of said [victim], did cause serious physical injury to a child, [. . .], by failing to seek medical care after [the victim] was seriously burned, in violation of Section 26-15-3, Code of Alabama 1975."
(C. 10.)

A.
To the extent that Franklin's argument is based on the premise that the indictment cited § 26-15-3 rather than § 26-15-3.1, it is well settled that "[m]iscitation of a code section does not void an indictment which otherwise states an offense; and, in the absence of a showing of actual prejudice to the defendant, reference to the erroneous code section will be treated as mere surplusage." Tinker v. State, 932 So.2d 168, 190 (Ala.Crim.App. 2005), quoting Ex parte Bush, 431 So.2d 563, 564 (Ala.1983).
Here, although the indictment did cite only to § 26-15-3, it clearly alleged that Franklin caused the victim serious physical injury, an element required under § 26-15-3.1 (aggravated child abuse) and not § 26-15-3 (child abuse). Further, we note that the page of the indictment that contains Franklin's address and physical description, the witnesses, and the signatures of the circuit judge setting bail, the circuit clerk, and the foreperson of the grand jury, listed the charge in count two as: "CHILD ABUSE (AGGRAVATED)." (C. 9.) When defense counsel objected to the *697 trial court's instructing the jury on aggravated child abuse pursuant to § 26-15-3.1, he noted that that charge was listed "on the back" of the indictment. (R. 243.)
Further, Franklin has not shown that she suffered actual prejudice. Her arguments before the trial courtfollowing jury instructions, at sentencing, and in her motion for a new trialwere premised on general principles regarding notice, or her challenge to the length of sentence, which was proper. Much of her argument on appeal is also directed at those grounds. She also alleged on appeal that
"Franklin was put on notice, by the Grand Jury and the District Attorney's office, that she was charged under § 26-15-3 which, at the time of this offense (March 30, 2006) indicated a punishment of `not less than one year nor more than ten years.' Code of Alabama, 1975, § 26-15-3, [prior to its amendment of July 1, 2006 (see case note `History' under § 26-15-3)]. This is significant because Franklin, being apprised of the charge, which is substantially equal to a Class `C' felony (the punishment being set out as `not less than one year nor more than ten years') decided to go to trial on that basis. An awareness of the charged crime would obviously affect the decision of whether to go to trial versus a decision to plead and, as such, affected Franklin and her trial counsel in making their decision to go to trial. It is patently unfair to charge on one crime and convict on a greater crime."
(Franklin's brief at pp. 13-14.) Franklin does not, however, allege that she would not have gone to trial had the indictment cited to § 26-15-3.1. We find no showing of actual prejudice. Thus, Franklin is not entitled to any relief on this claim.

B.
To the extent that Franklin argues that the charge was referred to as "child abuse" throughout the trial, we are presented with a more troubling situation.
Throughout the trial, the offense in count two of the indictment was referred to by the trial court, the prosecution, and the defense, as "child abuse." Additionally, although during jury instructions the trial court instructed the jury on the additional elementserious physical injury that elevated the offense to aggravated child abuse, the trial court referred to the offense as "child abuse." Further, it appears that the verdict form supplied to the jury referred to the charge only as "child abuse." Because we have concluded that the indictment, although misciting to § 26-15-3, the child-abuse code section, actually charged Franklin with aggravated child abuse under § 26-15-3.1, we must determine whether the discrepancy between the offense charged and the verdict form requires reversal.
In Tinker v. State, 932 So.2d 168 (Ala. Crim.App.2005), this Court stated:
"In Pittman v. State, 621 So.2d 351, 352 (Ala.Crim.App.1992), Pittman was indicted for attempted murder, and `he was erroneously convicted of "intent to commit murder."' The trial court had instructed the jury on `intent to commit murder' and `attempted murder' and `[t]he verdict form submitted to the jury contained a charge of "intent to commit murder" rather than "attempted murder."' Pittman, 621 So.2d at 352. In reversing Pittman's conviction, this Court stated:
"`Although "intent" to commit a crime is a necessary element within any "attempt" statute, it is not, in and of itself, a crime to possess intent; hence, the court was without jurisdiction to pronounce judgment on the verdict finding the defendant guilty of "intent to commit murder." Accordingly, *698 the trial court's judgment on the "intent to commit murder" conviction is null and void and will not support an appeal.'

"Pittman, 621 So.2d at 352-53.
"In Edwards v. State, 570 So.2d 252 (Ala.Crim.App.1990), Edwards was indicted for unlawful sale of a controlled substance (marijuana), and the trial court instructed the jury on the offense of illegal sale of marijuana, but the verdict form submitted to the jury listed the offense as `possession of marijuana' and the jury returned a verdict finding Edwards guilty of `possession of marijuana.' Edwards, 570 So.2d at 253. In reversing Edwards's conviction, this Court stated:
"`"The verdict in a criminal case must be responsive to the offense charged in the indictment, but surplusage can be disregarded if the intent of the jury is clear. A jury verdict will be held to be sufficient if its meaning can be reasonably ascertained from the words used. Where the error in the charge is in the form of the verdict and there is not prejudice to the rights of the accused the error is harmless."

"`Peterson v. State, 508 S.W.2d 844, 849 (Tex.Cr.App.1974). See also Rodgers v. State, 649 S.W.2d 371, 373-376 (Tex.App. 3 Dist.1983).
"`In the present case, the jury's verdict was not responsive to the offense charged in the indictment and the jury's intent is not clear; therefore, the language stating that the appellant was found guilty of the "possession of marijuana" cannot be held to be surplusage.
"`In State v. Whiting, 41 Ohio App.3d 107, 534 N.E.2d 904 (1987), the defendant argued on appeal that the jury verdict was insufficient to sustain his sentence for a second or third degree felony. The defendant in Whiting, supra, was indicted for aggravated trafficking, wherein the drug is a Schedule I or II controlled substance, but the jury verdict form stated that the defendant was guilty of simple trafficking in drugs, wherein the drug is a Schedule III, IV, or V controlled substance. The court found that "[t]he discrepancy between the indictment and the verdict form is sufficient to cast doubt upon the jury's verdict and create the need for a new trial because, under the facts of the case on review, trafficking in drugs cannot be a lesser-included offense of aggravated trafficking."
"`"As Chief Justice Marshall stated:
"`"`The rule that a man shall not be charged with one crime and convicted of another, may sometimes cover real guilt, but its observance is essential to the preservation of innocence. It is only a modification of this rule, that the accusation on which the prosecution is founded, should state the crime which is to be proved, and state such a crime as will justify the judgment to be pronounced.'

"`"The Hoppet v. United States, 7 Cranch (11 U.S.) 389, 394, 3 L.Ed. 380, 382 (1813)."

"`Clements v. State, 370 So.2d 723, 728 (Ala.1979), overruled, Beck v. State, 396 So.2d 645 (Ala.1980). See also Ex parte Tomlin, 443 So.2d 59, 64-65 (Ala.1983), cert. denied, 466 U.S. 954, 104 S.Ct. 2160, 80 L.Ed.2d 545 (1984), Johnson v. State, 399 So.2d 859, 865 (Ala.Cr.App.1979), affirmed in part, reversed in part on other grounds, 399 So.2d 873 (Ala.1979).
"`Because the appellant was charged with the unlawful sale of a *699 controlled substance but was convicted, pursuant to the jury verdict forms, of the possession of marijuana, where the latter could not be a lesser included offense of the former, the judgment is due to be reversed and the cause remanded for a new trial.'

"Edwards, 570 So.2d at 253-54."
Tinker, 932 So.2d at 176-77. In Tinker, the indictment charged Tinker with conspiracy to traffic in cocaine, but the verdict form listed the offense only as trafficking in cocaine. The trial court's instructions in that case included both the elements of conspiracy and the elements of trafficking in cocaine. Thus, this Court concluded that Tinker's conviction and sentence were due to be vacated because the jury's intent in rendering the verdict was unclear. This Court stated that it was
"conceivable that a layperson on the jury could have easily construed the instructions as requiring the jury to determine whether Tinker was guilty of trafficking in cocaine, especially since the verdict form provided to the jury gave the jury two choices on count 1that the jury could find Tinker either guilty or not guilty of `trafficking cocaine, as charged in count one of the indictment.' (C. 183, R. 975.)"
Tinker, 932 So.2d at 177.
In Bradford v. State, 948 So.2d 574 (Ala. Crim.App.2006), the indictment charged the appellant with reckless driving, yet the offense was referred to throughout trial as reckless endangerment. In its oral charge to the jury the trial court instructed the jury on the elements of reckless driving but referred to the charge as reckless endangerment. This Court, noting that the jury was instructed only on the elements of reckless driving and was not instructed on the elements of reckless endangerment, concluded that under the facts of that case, it was apparent that the jury's intent was to find Bradford guilty of reckless driving as charged in the indictment despite the repeated characterization of the offense as reckless endangerment throughout the trial and on the verdict form.
Looking to the facts in this case, as discussed more fully earlier in this opinion, we have determined that despite the miscitation to the offense of child abuse in § 26-15-3, Franklin was charged with aggravated child abuse under § 26-15-3.1. The offense was referred to throughout the trial as "child abuse." In its oral charge to the jury, the trial court instructed the jury that the two counts of the indictment should be viewed as separate cases; after instructing the jury on assault, the trial court stated:
"The second case is the child abuse charge. The law provides that a responsible person as defined under Section 26-15-2 commits the crime of aggravated child abuse if he or she does any of the following. There are several ways that a person can commit this offense. The only one applicable in this case and the only one for you to decide on is Section 3. He or she violates the provisions of Section 26 which causes serious physical injury as defined in Section 13A-1-2 to a child. A responsible person, as defined in Section 26-15-2, who shall torture, willfully abuse, cruelly beat, or otherwise willfully maltreat any child under the age of 18 years shall be guilty of child abuse.
"A responsible person means a child's natural parent, stepparent, adoptive parent, legal guardian, custodian, or any other person who has the permanent or temporary care or custody or responsibility for supervising a child.
"The willful maltreatment of a child is encompassed in the definition of child abuse set out in the statute that I've *700 previously read to you. Willful maltreatment may result from a willful act or omission which evidences such a serious disregard for the consequences as to cause harm or to threaten harm to a child's health or welfare, and this may include a willful denial of medical care or treatment.
"The Court further charges you, ladies and gentlemen, that the State must prove that there was culpable mental state during the commission of the crimes that were charged, that is knowingly or intentionally, pursuant to the indictment in this case. If you do not find that the State has proven such a mental state beyond a reasonable doubt, then the jury must acquit the defendant of the charges which stand against her.
"I charge you, ladies and gentlemen, that the child abuse offense for which the defendant is charged in the indictment requires an intentional conduct, such as willfully, or otherwise willfully maltreat or willfully abuse."
(R. 237-39.)[4] Although the verdict forms are not contained in the record, we note that the trial court, in its oral instructions to the jury, discussed the verdict form for count one of the indictment, i.e., the assault charge, and then stated:
"You will then go on to consider count two. The verdict form is identical. It provides verdict, count two, we, the jury in the above-styled case, find the defendant, Vallory Jean Franklin, guilty of child abuse as charged in count two of the indictment, so say we all. If you find that she is guilty, that's where the foreperson will sign. The second possible verdict is, we, the jury in the above-styled case, find the defendant, Vallory Jean Franklin, not guilty of child abuse as charged in count two of the indictment, so say we all. If you find that she is not guilty, the foreperson will sign on the line provided."
(R. 240-41.)
Here, the trial court's oral instructions included the elements of both child abuse and aggravated child abuse. To find aggravated child abuse the jury must have, of necessity, found that Franklin committed child abuse. However, in light of the mixed referencesthroughout the trial, in the oral instructions, and in the verdict formto child abuse and aggravated child abuse, the question is whether the jury unanimously found that Franklin caused serious physical injury by committing said child abuse. In this case, unlike Bradford, we cannot reasonably ascertain the answer to that question. Rather, it is conceivable that a layperson on the jury could have construed the trial court's oral instructions as allowing a finding of guilty without necessarily finding the serious-physical-injury element that elevated the offense from simple child abuse to aggravated child abuse. See generally Tinker. Thus, we cannot say that the error is harmless. Therefore, we have no choice but to remand this case for the trial court to vacate Franklin's conviction and sentence for aggravated child abuse.
However, unlike Tinker, where the offenses were not lesser-included offenses, the second offense in this case, i.e., child abuse under § 26-15-3, is included in the indictment. "[I]n determining whether one offense is included in another, the trend of recent Alabama decisions is to focus on the statutory elements of the *701 offenses and the factual allegations actually included in the indictment, rather than on the evidence or factual basis the State presents at trial or during the guilty-plea colloquy." Johnson v. State, 922 So.2d 137, 141 (Ala.Crim.App.2005). See also Moss v. State, 929 So.2d 486, 489 (Ala. Crim.App.2005) ("[T]he clear trend in Alabama law is that in determining whether one offense is included in another, the focus is on the statutory elements of the offenses and the facts as alleged in the indictment, not on the evidence presented at trial.").[5] The indictment in this case clearly encompassed § 26-15-3. While we cannot ascertain from the verdict in this case that the jury unanimously found the serious physical injury necessary for a finding of guilty on a charge of aggravated child abuse pursuant to § 26-15-3.1, we can ascertain that, in returning a verdict of guilty in count two, the jury necessarily and as a matter of law found Franklin guilty of child abuse pursuant to § 26-15-3. It is well settled that "[a]ppellate courts have the `inherent authority to reverse a conviction while at the same time ordering an entry of judgment on a lesser-included offense.' Edwards v. State, 452 So.2d 506, 507 (Ala.Crim.App.1983), aff'd, 452 So.2d 508 (Ala.1984)." Campbell v. State, 555 So.2d 252, 254 (Ala.Crim.App. 1989). See also Brand v. State, 960 So.2d 748 (Ala.Crim.App.2006); Gilmore v. State, 963 So.2d 158 (Ala.Crim.App.2006); and Franklin v. State, 854 So.2d 153 (Ala.Crim. App.2002). Accordingly, we remand this case to the trial court with instructions that it vacate Franklin's conviction and sentence entered on aggravated child abuse under § 26-15-3.1, and to instead enter a judgment of guilty of the lesser-included offense of child abuse pursuant to § 26-15-3, and impose a sentence for that offense.

II.
Franklin next argues that the trial court erroneously denied her motion for a judgment of acquittal. Specifically, she claims that the State did not present a prima facie case of aggravated child abuse because, she claims, the State did not present any evidence indicating that she caused serious physical injury to the victim. Franklin does not argue that the State failed to present a prima facie case of child abuse pursuant to § 26-15-3, Ala.Code 1975. However, because of our resolution of issue I, above, Franklin's challenges to the evidence of serious physical injury is moot.[6]

III.
Franklin next challenges the trial court's oral instructions to the jury.
Initially, we note that Rule 28(a)(10), Ala.R.App.P., requires that an argument contain "the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." Here, Franklin's argument references § 13A-1-2 and § 26-15-2, but cites no other legal authority. Thus, her argument *702 fails to meet the requirements of Rule 28(a)(10), Ala.R.App.R, and is deemed waived. See Water Works & Sewer Bd. of City of Selma v. Randolph, 833 So.2d 604 (Ala.2002) ("Merely quoting a statute and emphasizing certain parts with bold type does not constitute a properly stated and supported contention."), and Harrim v. State, 913 So.2d 460, 486 (Ala. Crim.App.2002) (noncompliance with the requirements of Rule 28(a)(10), Ala.R.App. P., which "requires parties to include in their appellate briefs an argument section with citations to relevant legal authorities," "has been deemed a waiver of the arguments listed"). Moreover, even if her brief were not deficient, Franklin would not be entitled to any relief for the following reasons.

A.
To the extent that Franklin argues that the trial court erred in instructing the jury on the elements of aggravated child abuse as set forth in § 26-15-3.1, we note simply that for the reasons discussed more fully in Part I. of this opinion, the trial court did not err in instructing the jury on aggravated child abuse.

B.
To the extent that Franklin argues that the trial court failed to define the term "reasonable person" as contained in § 26-15-2 and that the trial court instructed the jury that it must find that she caused serious physical injury to the victim without defining the term "serious physical injury" as set forth in § 13A-1-2, it is well settled that a party must raise by timely and specific objection challenges to the trial court's oral charge to the jury. Rule 21.3, Ala.R.Crim.P., provides in pertinent part:
"No party may assign as error the court's ... giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless the party objects thereto before the jury retires to consider its verdict, stating the matter to which he or she objects and the grounds of the objection."
See also Greenhill v. State, 746 So.2d 1064 (Ala.Crim.App.1999); and Sanders v. State, 683 So.2d 14 (Ala.Crim.App.1996). Here, at the conclusion of the trial court's oral charge, Franklin objected only to the trial court's instructing the jury on aggravated child abuse pursuant to § 26-15-3.1. Franklin did not, however, object on the grounds that the trial court did not define "reasonable person" as that term is defined in § 26-15-2, or "serious physical injury" as that term is defined in § 13A-1-2. Thus, these claims on appeal were not preserved for appellate review.[7]

IV.
Franklin next argues that the trial court erred in allowing into evidence photographs of the victim's burns. Specifically, Franklin contends that the photographs were taken two or three days after the injuries were incurred and therefore "did not accurately depict the condition of the burns for a substantial period of time after the burns occurred." (Franklin's brief at p. 41.) Thus, she concludes, the photographs "had no probative value and served only to inflame the jury." (Franklin's brief at p. 45.)
*703 However, Franklin's argument does not comply with the requirements of Rule 28(a)(10), Ala.R.App.P. It is well settled that "[r]ecitation of allegations without citation to any legal authority and without adequate recitation of the facts relied upon has been deemed a waiver of the arguments listed." Hamm v. State, 913 So.2d 460, 486 (Ala.Crim.App.2002). "An appellate court will consider only those issues properly delineated as such and will not search out errors which have not been properly preserved or assigned. This standard has been specifically applied to briefs containing general propositions devoid of delineation and support from authority or argument." Ex parte Riley, 464 So.2d 92, 94 (Ala.1985) (citations omitted). "When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court's duty nor its function to perform an appellant's legal research." City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala.1998). Therefore, this claim is deemed waived, because Franklin failed to provide any citation to legal authority in support of her claims.
Moreover, we note that the specific claim asserted on appeali.e., that the photographs had no probative value because they were taken days after the injuries occurred and did not accurately depict the wounds as they appeared when they occurredwas not evident from the generic language in Franklin's motion in limine or from Franklin's general objection at the time the exhibits were admitted on the grounds raised in his motion in limine. "A general objection that does not specify any grounds generally will preserve nothing for review." Schaefer v. State, 695 So.2d 656, 659-60 (Ala.Crim.App.1996).
"An appellant must provide specific grounds for his general objections at trial if he intends to appeal that issue. `A general objection that does not specify grounds preserves nothing for review.' Landreth v. State, 600 So.2d 440, 447 (Ala.Cr.App.1992), Thompson v. State, 575 So.2d 1238 (Ala.Cr.App.1991). `A defendant is bound on appeal of a criminal prosecution by the grounds stated for the objection at trial,' Lyde v. State, 605 So.2d 1255, 1258 (Ala.Cr.App. 1992). Thus, `an objection without specifying a single ground is not sufficient to place the trial court in error for overruling such objection.' Reeves v. State, 456 So.2d 1156, 1160 (Ala.Cr.App.1984)."
Capps v. State, 630 So.2d 486, 489-90 (Ala. Crim.App.1993). The exception to this general rule is when the evidence is patently inadmissible.
"A general objection which does not specify grounds preserves nothing for review unless the ground is so obvious that the court's failure to act constitutes prejudicial error, e.g., Lawrence v. State, 409 So.2d 987 (Ala.Crim.App.1982), or unless the objected to matter is clearly not proper for any purpose, e.g., McGinnis v. State, 382 So.2d 605 (Ala.Crim. App.), cert. denied, 382 So.2d 609 (Ala. 1980)."
Samuel v. State, 455 So.2d 250, 252 (Ala. Crim.App.1984). See also Charles W. Gamble, McElroy's Alabama Evidence § 426.01(7) (5th ed. 1996) ("A general objection will suffice to isolate error on appeal [only] if the ground of objection was apparent from the context or ... the matter objected to was patently illegal or irrelevant." (footnotes omitted)). Here, nothing in Franklin's boilerplate motion in limine directed the trial court to the lapse of time between the injuries and the taking of the photographs, nor did Franklin's objections at trial when the exhibits were introduced and admitted. Therefore, this *704 issue was not preserved for appellate review.

V.
Finally, Franklin argues that the trial court erred in allowing the victim to testify. Specifically, Franklin avers that the trial court should have declared the victim incompetent to testify because of her young age and because she was shown to be incompetent to testify based on her responses to the trial court when asked about her ability to understand the truth and to respond to questioning about the offense. This conclusion is supported, according to Franklin, by the witness's confusing testimony before the jury.
Initially, we question whether this issue has been properly preserved for appellate review. Franklin made a motion in limine seeking to have the victim declared incompetent to testify, and the trial court indicated that it would make that determination after an initial examination of the victim by the court. At trial the trial court questioned the victim to determine whether she understood what it meant to tell the truth and the importance that she tell the truth regarding the events resulting in her being burned; the trial court administered an oath to the victim. The following exchange then occurred:
"THE COURT: The Court reserves ruling on the competency of the witness at this time. We'll go forward with some examination.
"[Defense counsel]: Objection is noted?
"THE COURT: Got you."
(R. 24.) The victim testified without any further objections or rulings on her capacity to testify. Franklin did not raise any further challenges to the victim's testifying until her motion for a new trial.
"In order for this court to review an alleged erroneous admission of evidence, a timely objection must be made to the introduction of the evidence, specific grounds for the objection should be stated and a ruling on the objection must be made by the trial court." Goodson v. State, 540 So.2d 789, 791 (Ala.Crim.App. 1988), abrogation on other grounds recognized by Craig v. State, 719 So.2d 274 (Ala.Crim.App.1998).
"This court will not review the merits of a motion presented by the appellant at trial unless the court below has issued a ruling adverse to the appellant on the motion. Knight v. State, 623 So.2d 376, 379 (Ala.Cr.App.1993). It is the appellant's duty to preserve the record for appeal by invoking a ruling from the trial court. White [v. State], 589 So.2d [765] at 766 [ (Ala.Crim.App.1991) ]."
Berryhill v. State, 726 So.2d 297, 302 (Ala. Crim.App.1998). Here, the trial court reserved ruling on Franklin's motion, and Franklin did not invoke any ruling from the trial court before, during, or after the victim's testimony. Thus, it appears that she failed to preserve this claim for appellate review.
Even assuming, for the sake of argument, that this claim is properly before this Court, we note that Franklin avers that Rule 603, Ala.R.Evid., §§ 12-21-135 and 12-21-165, Ala.Code 1975, and Hacker v. State, 31 Ala.App. 249, 15 So.2d 336 (1943), support her position. Rule 603 and § 12-21-135 require a witness to declare by oath or affirmation that he or she will testify truthfully. Section 12-21-165 provides that those without the use of reason, including by reason of infancy, are incompetent witnesses and charges the trial court with deciding upon the capacity of such potential witnesses.
However, § 15-25-3(c), Ala.Code 1975, provides, in pertinent part, that "[notwithstanding any other provision of law or rule *705 of evidence, a child victim of a physical offense ... shall be considered a competent witness and shall be allowed to testify without prior qualification in any judicial proceeding." See also Hewlett v. State, 520 So.2d 200 (Ala.Crim.App.1987). Further, Rule 601, Ala.R.Evid., provides that "[e]very person is competent to be a witness except as otherwise provided in these rules." The Advisory Committee's Notes to Rule 601 recognize that "very few persons are incapable of giving testimony useful to the trier of fact and that historic grounds of incompetencymental incapacity, conviction, etc.should go to the credibility of the witness and the weight the trier of fact gives to the witness's testimony."
Here, the trial court examined the victim, and after the victim indicated that she understood what it meant to be truthful and the importance of telling the truth about the incident in which she was burned, the trial court allowed the victim to take the witness stand in the presence of the jury. Thus, even assuming that the trial court's decision indicates that it determined the victim was competent to testify, we cannot say that the trial court abused its discretion in allowing the victim's testimony. See Hewlett, supra.
For these reasons, Franklin is not entitled to any relief on this claim.

VI.
For the reasons set forth in Part LB. of this opinion, Franklin's conviction for aggravated child abuse pursuant to § 26-15-3.1 is due to be vacated. Therefore, we remand this case with instructions that the trial court, in the presence of Franklin and her counsel, enter a judgment finding Franklin guilty of child abuse pursuant to § 26-15-3, Ala.Code 1975, and sentence Franklin accordingly. A return should be filed with this Court reflecting the imposition of such judgment and sentence within 35 days of this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.[*]
WELCH, J., concurs in part and concurs in the result, with opinion, which BASCHAB, P.J., joins. McMILLAN, J., concurs in the result. SHAW, J., concurs in the result, with opinion.
WELCH, Judge, concurring in part and concurring in the result.
I concur with parts LA, II., III., IV., V., and VI. of the main opinion. I agree that the issue raised in Part LB. requires that the judgment in this case be reversed and the cause remanded, but for reasons different from those set forth in the opinion. Because I disagree with the analysis by which that result is reached, I write separately.
The element of serious physical injury elevates the offense of child abuse to aggravated child abuse. Franklin was indicted for aggravated child abuse because she failed to seek medical care for the victim after burning the victim with scalding water. The prosecution theorized that Franklin's failure to seek medical attention for the victim's injury resulted in the victim's sustaining a more serious injury, i.e., a serious physical injury, than was caused by the initial burn.
To sustain a conviction based on the above theory of guilt, causation between the lack of medical attention and the seriousness of the injury must be established.

*706 "Section 13A-2-5(a), Ala.Code 1975, the statute governing causation in criminal cases, provides:
"`A person is criminally liable if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was sufficient to produce the result and the conduct of the actor clearly insufficient.' (Emphasis added.)"
Ex parte Lucas, 792 So.2d 1169, 1170-71 (Ala.2000).
In that case, Lucas was indicted for capital murder for the Wiling of her young child based on her failure to provide necessary medical care for the child. The Alabama Supreme Court noted that the burden of proving causation was the State's, and "[i]f the State did not introduce evidence that medical treatment would have saved or prolonged the child's life, then the State did not prove that Lucas's failure to provide the child with medical treatment actually caused, or resulted in, the child's death." Ex parte Lucas 792 So.2d at 1171. In Lucas, "the record d[id] not contain evidence tending to prove that, but for Lucas's failure to seek prompt medical treatment for her injured son, he would have survived, or survived longer." Ex parte Lucas, 792 So.2d at 1173. Thus, the Supreme Court held, because "the State failed to prove the essential element of causation ... the trial court erred in denying Lucas's motion for a judgment of acquittal on Count II," i.e., that "she intentionally caused the death of the child by failing in her parental duty to provide said necessary medical services." Ex parte Lucas, 792 So.2d at 1170 and 1173. See also Washington v. State, 608 So.2d 771, 773 (Ala.Crim.App.1992)(manslaughter conviction upheld where the victim, a young child, was burned by scalding water and "the appellant's behavior was simply a gross deviation from the standard of conduct of a reasonable person").
Following the logic applied in Lucas, Franklin could be criminally liable for aggravated child abuse only if the victim would not have suffered a serious physical injury but for Franklin's failure to provide medical treatment. Here, as in Lucas, there was no evidence presented suggesting that the failure to obtain medical attention made the victim's injury worse. In other words, there was no causation established between the lack of medical attention and the seriousness of the injury, as alleged in the indictment.
For this reason, I believe that Franklin's conviction must be reversed and remanded with directions for the trial court to enter a judgment finding Franklin guilty of the lesser-included offense of child abuse and to sentence her for that offense.
BASCHAB, P.J., joins.
SHAW, Judge, concurring in the result.
I disagree with the holding in the main opinion that it is impossible to determine whether the jury unanimously found Franklin guilty of aggravated child abuse. The opinion holds that, because references to child abuse were also made during the trial, the jurors could have believed that they could find Franklin guilty of aggravated child abuse without finding the existence of the serious-physical-injury element. Initially, I note that my review of the record indicates, and the main opinion holds in Part LA., that the indictment charged Franklin with aggravated child abuse. See § 26-15-3.1, Ala.Code 1975. In addition, the trial court's charge to the jury included an explanation that a responsible person as defined in § 26-15-2 commits the crime of aggravated child abuse if he or she tortures, willfully abuses, cruelly beats, or otherwise willfully maltreats a *707 child under the age of 18 and "causes serious physical injury as defined in Section 13A-1-2 to a child." (R. 237-38.) After the trial court charged the jury, Franklin objected to the instruction on "aggravated child abuse" because, she said, the body of the indictment did not place her on notice that she was being charged with aggravated child abuse. (R. 243.) Thus, Franklin's own objection establishes that the trial court's charge included an instruction on aggravated child abuse. Finally, the verdict stated: "We, the jury in the above-styled case, find the defendant, Vallory Jean Franklin, guilty of child abuse as charged in count two of the indictment ...." (R. 246.) As noted previously, count two of the indictment charged Franklin with aggravated child abuse. Therefore, I cannot agree with the conclusion in the main opinion that the jury's verdict might not have been unanimous because the record included references to both child abuse and aggravated child abuse.
However, as Judge Welch points out in his special writing, the evidence failed to establish a causal connection between the misconduct alleged in the indictment and the element of serious physical injury as alleged in the indictment. The indictment alleged that Franklin caused serious physical injury to the child by failing to seek medical care after the child had been seriously burned. (C. 10.) After carefully reviewing the record, I can find no evidence from which the jury could have reasonably inferred that Franklin's failure to seek immediate medical care for the child caused the child to suffer serious physical injury as that term is defined in § 13A-1-2(14), Ala.Code 1975.
The State attempted to prove both an assault and aggravated child abuse by Franklin. The State charged that Franklin assaulted the child by intentionally pouring boiling water on hercount one of the indictment charging first-degree assaultand that Franklin also harmed the child by failing to secure immediate medical carecount two of the indictment charging aggravated child abuse. The jury acquitted Franklin of assault. Thus, in order to uphold the conviction on count two of the indictment, the record must demonstrate that the child would not have suffered a serious physical injury but for Franklin's failure to seek immediate medical care.
Serious physical injury is defined in § 13A-1-2(14), Ala.Code 1975, as "[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ." The record contains no evidence indicating that Franklin's failure to seek immediate medical care for the burns created a substantial risk of death or that it caused serious or protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ. Stated differently, there was simply no testimony from the medical personnel, or any other evidence in the record, establishing that Franklin's failure to seek immediate medical care resulted in the child's suffering any serious physical injury that was worse than the injuries the child initially sustained as a result of the burns.
Although I am compelled to agree with the majority that the conviction for aggravated child abuse must be set aside, the record contains sufficient evidence to establish that Franklin committed the lesser-included offense of child abuse, which requires proof that Franklin tortured, willfully abused, cruelly beat, or otherwise willfully maltreated the child. See § 26-15-3, Ala.Code 1975. The record reflects *708 that Franklin's failure to seek immediate medical care for the child after she suffered third-degree burns constituted willful maltreatment. Therefore, I concur to remand this case for the trial court to vacate the aggravated-child-abuse conviction, to enter a conviction for child abuse, and to impose a sentence for that conviction.
NOTES
[1] In addition to the aggravated-child-abuse count, Franklin was also indicted for first-degree assault, a violation of § 13A-6-20(a)(1), Ala.Code 1975. The jury found Franklin not guilty of the assault charge.
[2] The evidence further indicated that the victim was transported from a Pri-Med medical facility to Children's Hospital in Birmingham because of the nature and severity of her injuries; that she remained at Children's Hospital for 10 days for treatment of her injuries.
[3] After the indictment but before Franklin's conviction and sentence, the child-abuse statute was amended, effective July 1, 2006, to substitute "guilty of a Class C felony" for "punished by imprisonment in the penitentiary for not less than one year nor more than 10 years."
[4] The trial court did not define "serious physical injury" in its oral charge to the jury on count two of the indictment. However, the trial court did define "serious physical injury" in its oral charge to the jury in the assault charge under count one of the indictment against Franklin.
[5] This trend emanates from Ex parte Cole, 842 So.2d 605 (Ala.2002), a case this Court has interpreted as being overruled in part by the Alabama Supreme Court in Ex parte Seymour, 946 So.2d 536 (Ala.2006). The holding in Seymour did not overrule the analysis set out in Cole for determining whether one offense is included in another, but rather overruled Cole only to the extent that Cole held that a defendant's claim that he pleaded guilty to an offense not included in the indictment implicated the trial court's jurisdiction.
[6] Although Franklin's argument was limited solely to the serious-physical-injury element of aggravated child abuse, we note simply that the State presented legally sufficient evidence of child abuse.
[7] Moreover, even had these claims been preserved by timely and specific objection, we note that in its oral charge to the jury, the trial court stated: "A responsible person means a child's natural parent, stepparent, adoptive parent, legal guardian, custodian, or any other person who has the permanent or temporary care or custody or responsibility for supervising a child." (R. 238.) The trial court also defined serious physical injury in its instruction regarding count one of the indictment.
[*] Note from the reporter of decisions: On May 22, 2009, on return to remand, the Court of Criminal Appeals affirmed, without opinion.